IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**FIRST BANK, a Missouri banking corporation,**

**Plaintiff,**

**v.**

**HIS WAY DEVELOPMENT, INC., an Illinois
corporation; RYAN D. MARTIN; MARVIN W.
HADEN,**

**Defendants.**                                        **Case No. 13-cv-360-DRH-SCW**


<u>**ORDER and DEFAULT JUDGMENT**</u>

**HERNDON, Chief Judge:**

      This matter comes before the Court on plaintiff First Bank's Motion for

Default Judgment (Doc. 19).    The Court, being in all respects fully advised in the

premises, grants the motion and finds as follows:

      1.    This is an action for foreclosure of a mortgage and judgment on the

note secured thereby.

      2.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332

because the sole plaintiff is a citizen of the State of Missouri, all defendants are

citizens of other States, and the amount in controversy, exclusive of costs and

interest, exceeds the sum of $75,000.00.

      3.    All defendants have been duly and properly served with summons, and

none of the defendants has answered or otherwise appeared. The clerk entered the

default of all defendants on July 25, 2013. (Document 16.)

4.      Plaintiff has filed Declarations verifying the allegations of its complaint and the amount due plaintiff.   (Document 17.)

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that a judgment of foreclosure and sale is hereby granted to plaintiff and against defendants, His Way Development, Inc., Ryan D. Martin and Marvin W. Haden, pursuant to Count I of plaintiff's Complaint.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff shall have and recover of defendant, His Way Development, Inc., the sum of $146,456.86 and judgment for such amount is hereby entered against it on Count II of plaintiff's Complaint.   The amount of such judgment is calculated as follows:

| | |
|---|---|
| Principal | $105,073.21 |
| Interest | 10,059.36 |
| Late Charges | 6,784.34 |
| Real Estate Taxes | 18,613.35 |
| Appraisal Fees | 386.00 |
| Title Fees | 850.00 |
| Filing Fee | 350.00 |
| Fees for Service of Process | 155.00 |
| Recording Fee for Lis Pendens Notice | 30.00 |
| Active Military Search | 72.80 |
| Reasonable attorney fees | 1,965.00 |
| TOTAL | $144,339.06 |

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff shall have and recover of defendant, Ryan D. Martin, the sum of $144,339.06 and judgment for such amount is hereby entered against him on Count III of plaintiff's Complaint.   The amount of such judgment is calculated as indicated above.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff shall have and recover of defendant, Marvin W. Haden, the sum of $144,339.06 and judgment for such amount is hereby entered against him on Count IV of plaintiff's Complaint.   The amount of such judgment is calculated as indicated above.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** as follows:

A.      Unless there shall be paid to plaintiff within three months from the date this Judgment is entered the sum of $144,339.06, together with interest thereon and advances and expenses, including reasonable attorney fees, if any, allowed to plaintiff hereafter, the interest of defendants and of anyone claiming by, through or under them in or to the mortgaged real estate shall be foreclosed and deemed terminated, and such real estate, together with all improvements thereon and appurtenances thereto, shall be sold at public sale to the highest and best bidder by the United States Marshal, or his designated agent, at such time and place as may hereafter be designated by the Marshal on request of plaintiff, on the terms and in the manner hereinafter set forth.   Because none of the defendants resides on the mortgaged real estate, such real estate is not "residential" within the meaning of 735 ILCS 5/15-1219.   Therefore, the applicable redemption period is the longer of six months from the date all of the mortgagors were served with summons or three months from date of entry of this judgment of foreclosure. The three month redemption period prescribed above is longer of those periods, in that the latest date all defendants were served with summons was April 30, 2013.   The mortgaged real estate is more particularly described as follows:

LOT NO. 27 IN BLOCK NO. 2 OF "OAKLAND ADDITION TO THE CITY OF BELLEVILLE"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFICE OF ST. CLAIR COUNTY, ILLINOIS IN BOOK OF PLATS "B" ON PAGE 48.

PERMANENT PARCEL NO.: 08-22-0-406-003

COMMONLY KNOWN AS: 136 NORTH PENNSYLVANIA AVE., BELLEVILLE, ILLINOIS

B.   Plaintiff shall give notice of the sale by publishing a notice in the form set forth in Exhibit A hereof in a secular newspaper circulated to the general public in St. Clair County, Illinois, in the section of that newspaper where legal notices are commonly placed and also in the section of that newspaper where real estate other than real estate being sold as part of legal proceedings is commonly advertised for sale to the general public.   The legal description of the premises may be omitted from the notice published in the section of the newspaper where real estate not being sold as part of legal proceedings is commonly advertised for sale.   The Notice of Sale shall be published in such newspaper at least four (4) consecutive calendar weeks, once in each week, the first such notice to be published not more than forty-five (45) days prior to the date of sale and the last notice to be published not less than seven (7) days prior to the date of sale.   No other notice, including posting, shall be required.   In the event of adjournment of the sale, notice of the adjourned sale shall be given as directed by the Officer conducting the sale at the time of any such adjournment.

C.   The person named in the Notice of Sale to be contacted for information about the property to be sold shall not be required to provide any information other

than that set forth in the Notice of Sale.

       D.     The Officer conducting the sale shall solicit verbal bids at the time and place of the sale.   The real estate shall be sold as is, without any warranty, subject to easements and restrictions of record as of the date this case became lis pendens, general taxes and special assessments, if any, to the highest and best bidder. Payment shall be made at the time of sale by cash, cashier's check or personal check accompanied by an irrevocable letter of credit issued by an Illinois Banking Corporation or a National Banking Association doing business in this Judicial District, unless plaintiff is the successful bidder at the sale, in which case plaintiff may set off against the purchase price to be paid the amounts due plaintiff under this judgment.   Upon full payment of the purchase price, the Officer conducting the sale may issue or order to be issued a Certificate of Sale to the successful bidder, in accordance with 735 ILCS 5/15-1507.

       E.     The Officer conducting the sale shall promptly make a report to the Court, which report shall include a copy of all Receipts of Sale.   Thereafter, on motion of plaintiff or any other party in interest, a hearing shall be conducted to confirm the sale.

       F.     The proceeds of sale shall be distributed in the following order of priority:

           1.     Payment of reasonable expenses of sale;

           2.     Payment of reasonable expenses incurred by plaintiff of securing possession before sale, holding, maintaining, and preparing the property for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, reasonable attorney fees and other legal expenses incurred by plaintiff;

3.      Payment of the amounts found due plaintiff in this judgment;

4.      The surplus, if any, to the defendants, as hereafter ordered by the Court.

G.      Upon confirmation of the sale and payment of the purchase price and any other amounts required to be paid by the purchaser, the Officer conducting the sale shall promptly issue a Deed to the holder of the Certificate of Sale (or, if none is issued, the Receipt of Sale).

H.      The Court retains jurisdiction of the subject matter of this cause and all parties for the purpose of enforcing this Judgment. The Court expressly finds there is no just reason for delay.

**IT IS SO ORDERED.**

Signed this 10th day of October, 2013

Digitally signed by
David R. Herndon
Date: 2013.10.10
16:16:45 -05'00'

**Chief Judge**
**United States District Court**

## <u>EXHIBIT A</u>

### <u>NOTICE OF PUBLIC SALE</u>

PUBLIC NOTICE is hereby given that, pursuant to a Judgment of Foreclosure entered in the above entitled cause on _____, 2013, the property hereinafter described will be sold at public sale on the date and at the time and place set forth below.

1.    The name, address and telephone number of the person to contact for information regarding the property are:

> First Bank
> M1-199-067
> 600 James S. McDonnell Blvd.
> Hazelwood, MO   63042
> Attn: Stefani Drury
> (314) 592-2556

2.    The common addresses and other common descriptions, if any, of the real estate to be sold are:

> 136 North Pennsylvania Avenue, Belleville, Illinois

3.    The legal description of the real estate to be sold is:

> LOT NO. 27 IN BLOCK NO. 2 OF "OAKLAND ADDITION TO THE CITY OF BELLEVILLE"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFICE OF ST. CLAIR COUNTY, ILLINOIS IN BOOK OF PLATS "B" ON PAGE 48.
>
> PERMANENT PARCEL NO.: 08-22-0-406-003
>
> COMMONLY KNOWN AS: 136 NORTH PENNSYLVANIA AVE., BELLEVILLE, ILLINOIS

4.    A description of the improvements on the real estate is: Dwelling.

5.    The date, time and place of the sale are:

> _____, 201___, at _____ a.m./p.m., at
> _____.

6.    The terms of the sale are:

The Officer conducting the sale shall solicit verbal bids at the time and place of sale and shall sell the real estate to the highest and best bidder.   Payment shall be made at the time of sale by cash, cashier's check or personal check accompanied by an irrevocable letter of credit issued by an Illinois Banking Corporation or a National Banking Association doing business in St. Clair County, Illinois.

7.     Interested parties are advised to consult the judgment entered in the above entitled cause on _____, 2013, for additional information.

Plaintiff, First Bank


By:_____
         David Antognoli #03125950
         One of its Attorneys

David L. Antognoli #03125950
GOLDENBERG HELLER ANTOGNOLI &
         ROWLAND, P.C.
P.O. Box 959
2227 South State Route 157
Edwardsville, IL 62025
(618) 656-5150
Email: david@ghalaw.com
Attorneys for Plaintiff